# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

MAX PRINTEMPS,

      Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA,
OFFICER MARTIN (Badge No. 5704),
and CHERYL REICH,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAX PRINTEMPS ("Printemps"), files suit against Defendants, MIAMI-DADE COUNTY, FLORIDA (the "County"), OFFICER MARTIN (**Badge No. 5704**)("Officer Martin") and CHERYL A. REICH ("Reich"), and states:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages and further relief to redress the deprivation of Printemps' constitutional rights by officials acting under color of State Authority and for damages arising from the deprivation of Printemps' privileges and immunities secured by the Constitution, statutes, regulations, policies, practices, customs and usages of the United States, and pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. The events resulting in the false arrest and a violation of Printemps' civil rights pursuant to 42 U.S.C. §§ 1983 and 1988 occurred in Miami-Dade County, Florida. Accordingly, the Southern District of Florida is the proper venue.

4. Printemps is a resident of Miami-Dade County, Florida, *sui juris* and over 18 years of age.

5. The County is located in the southeastern part of Florida, has a population exceeding 2,000,000, is the most populous county in Florida and is home to 35 incorporated cities. The County has its own police department.

6. Upon information and belief, Officer Martin is a resident of Miami-Dade County, Florida, is *sui juris*, over 18 years of age and a certified law enforcement officer in the State of Florida. At all relevant times, Officer Martin was employed as a law enforcement officer for the County, **and his Court identification number Badge No. was 5704**.

7. Reich is a resident of Miami-Dade County, Florida, is *sui juris*, over 18 years of age and a certified law enforcement officer in the State of Florida. At all relevant times, Reich was Printemps' neighbor.

## FACTUAL BACKGROUND

8. On or about January 23, 2013, while outside his home, which is located at 681 NE 160 Terrace, North Miami Beach, FL 33162, Printemps and his neighbor, Reich, got into an argument about the location of where Printemps' vehicle was parked.

9. Reich claimed that one of her sprinkler heads in her yard was damaged as a result of where Printemps' vehicle was parked.

10. Printemps threatened to pursue getting a restraining order against his neighbor because of Reich's threatening tone.

11. In response, Reich made a racial slur directed towards Printemps (she called him a nigger), and stated that she (Reich) would call one of her law enforcement officer friends and get Printemps arrested, even though Printemps had not committed a crime.  Reich then said to Printemps, "Go back to your own country, you fucking nigger."

12. Reich did in fact call her law enforcement officer friends, and shortly after she placed that call, two law enforcement officers from the County arrived on scene; one of the law enforcement officers was Officer Martin.  The two law enforcement officers from the County did in fact appear to be friends of Reich, as they entered Reich's home and remained there for more than four (4) hours.

13. After spending more than four (4) hours with Reich inside her home, the two law enforcement officer exited said home, and Officer Martin approached Printemps, and advised Printemps that he was being placed under arrest for aggravated battery with a motor vehicle and criminal mischief, even though Printemps denied the allegations and his daughter (Ashley Printemps), wife (Dorlly Sanon) and neighbor (Michou Etienne) told Officer Martin that they had witnessed the entire incident and that Reich's allegations were completely false.

14. Criminal charges were filed by the State Attorney's Office for aggravated battery with a motor vehicle and criminal mischief, based on the Complaint/Arrest Affidavit prepared by the County's law enforcement officer.  The charges were later dismissed.

15. Printemps has exhausted all available administrative remedies and satisfied all conditions precedent to the filing of this Complaint, including providing notice to the County and State under Florida Statutes § 768.28.

**I.**

## 42 U.S.C. § 1983 FALSE ARREST CLAIM AGAINST OFFICER MARTIN

16. Printemps realleges and incorporates by reference the allegations set forth in Paragraphs 1 though 15 above as if fully set forth herein.

17. Officer Martin proximately caused Printemps's seizure and detention in the absence of either arguable probable cause or probable cause that Printemps committed any criminal offense.

18. The actions of Officer Martin, in causing the seizure and detention of Printemps in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority.  The actions of Officer Martin constitute a false arrest of Printemps.

19. The false arrest of Printemps by Officer Martin was committed in the course and scope of his employment as a police officer for the County.

20. As a direct and proximate result of the acts described above, Printemps has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

21. As a further direct and proximate result of the conduct of Officer Martin, Printemps suffered loss of liberty and freedom, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

Printemps' losses are either permanent or continuing and Printemps will suffer the losses in the future, in violation of Printemps' rights.

WHEREFORE, Printemps respectfully requests that this Court:

    a.  Judgment for any and all damages recoverable under law against Officer Martin;

    b.  Judgment for punitive damages against Officer Martin;

    c.  Cost of suit;

    d.  Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e.  Such other relief as this Court deems just and proper.

## II.

## 42 U.S.C. § 1983 MALICIOUS PROSECUTION AGAINST OFFICER MARTIN

22. Printemps realleges and incorporates by reference the allegations set forth in Paragraphs 1 though 15 above as if fully set forth herein.

23. No reasonably cautious police officer in the position of Officer Martin would have believed Printemps was guilty-in-fact of any criminal offense.

24. Officer Martin proximately caused criminal proceedings to be instituted or continued against Printemps with malice and in the absence of probable cause that Printemps committed any criminal offense by creating facts and manufacturing evidence for Officer Martin to include in his probable cause affidavit and offense report to be submitted to prosecuting authorities.

25. At all times material hereto, Officer Martin knew that the information he gave to the State Attorney's Office was materially false and, in fact, created and

manufactured by Officer Martin to achieve the desire of Reich to have Printemps arrested.

26. At all times material hereto, Officer Martin knew that the information he gave to the State Attorney's Office to include in the probable cause affidavit would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Printemps.

27. The conduct of Officer Martin was reckless and without regard to whether the institution or continuation of criminal proceedings against Printemps were justified.

28. The criminal proceedings instituted and continued by Officer Martin reached a bona fide resolution in Printemps' favor – the criminal charges were dismissed after the State Attorney's Office chose to not prosecute the case.

29. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Printemps has suffered loss of liberty and freedom, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.   Printemps also incurred significant attorney's fees to defend the heinous criminal charges, lost wages while incarcerated awaiting trial *and* has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Printemps respectfully requests that this Court:

a. Judgment for any and all damages recoverable under law against Officer Martin;

b. Judgment for punitive damages against Officer Martin;

c. Cost of suit;

    d.  Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e.  Such other relief as this Court deems just and proper.

**III.**

**<u>FALSE ARREST CLAIM AGAINST THE COUNTY</u>**

30. Printemps realleges and incorporates by reference the allegations set forth in Paragraphs 1 though 15 above as if fully set forth herein.

31. Officer Martin proximately caused Printemps' arrest in the absence of either arguable probable cause or probable cause that Printemps committed any criminal offense.

32. The actions of Officer Martin, in causing the arrest of Printemps in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority.  The actions of Officer Martin constitute false arrest/false imprisonment of Printemps.

33. The false arrest of Printemps by Officer Martin was committed in the course and scope of his employment as a law enforcement officer for the County.

34. As a direct and proximate result of the acts described above, Printemps has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, and suffered loss of liberty and freedom.

35. Printemps' losses are either permanent or continuing and Printemps will suffer the losses in the future, in violation of Printemps's rights.

WHEREFORE, Printemps respectfully requests that this Court:

   a.  Enter judgment for compensatory damages in his favor and against the County; and

   b.  Enter judgment for such other relief as this Court deems just and proper.

**COUNT IV**

**<u>STATE LAW ABUSE OF PROCESS CLAIM AGAINST OFFICER MARTIN</u>**

36. Printemps realleges and incorporates by reference the allegations set forth in Paragraphs 1 though 15 above as if fully set forth herein.

37. An illegal, improper or perverted use of process was used by Officer Martin.

38. There was an ulterior motive or purpose in exercising the illegal, improper or perverted process.

39. As a direct and proximate result of the acts described above, Printemps has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, and suffered loss of liberty and freedom.

40. Printemps' losses are either permanent or continuing and Printemps will suffer the losses in the future, in violation of Printemps' rights.

WHEREFORE, Printemps respectfully requests that this Court:

   a.  Enter judgment for compensatory damages in his favor and against the County; and

   b.  Enter judgment for such other relief as this Court deems just and proper.

## COUNT V

### STATE LAW FALSE ARREST CLAIM AGAINST REICH

41. Printemps realleges and incorporates by reference the allegations set forth in Paragraphs 1 though 15 above as if fully set forth herein.

42. Reich's calling of the police and making false allegations against Printemps was unreasonable and unwarranted under the circumstances.

43. Printemps was arrested against his will and in the absence of either arguable or actual probable cause.

44. Printemps was deprived of his liberty as a result of Reich's actions.

45. As a result of Reich's actions, Printemps has sustained damages, including physical inconvenience and discomfort, loss of time, mental suffering, embarrassment, humiliation, deprivation of liberty, disgrace and injury to his feelings and reputation.

WHEREFORE, Printemps respectfully requests that this Court:

    a.  Enter judgment for compensatory damages in his favor and against the Reich; and

    b.  Enter judgment for such other relief as this Court deems just and proper.

## COUNT VI

### STATE LAW ABUSE OF PROCESS CLAIM AGAINST REICH

46. Printemps realleges and incorporates by reference the allegations set forth in Paragraphs 1 though 15 above as if fully set forth herein.

47. An illegal, improper or perverted use of process was used by Reich.

48. There was an ulterior motive or purpose in exercising the illegal, improper or perverted process.

49. As a direct and proximate result of the acts described above, Printemps has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, and suffered loss of liberty and freedom.

50. Printemps' losses are either permanent or continuing and Printemps will suffer the losses in the future, in violation of Printemps' rights.

WHEREFORE, Printemps respectfully requests that this Court:

a. Enter judgment for compensatory damages in his favor and against Reich; and

b. Enter judgment for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Printemps hereby demands a trial by jury.

Dated: January 22, 2017.                              Respectfully submitted,

                                               **ALAN & LOCKE**PLLC
                                               Attorneys for Plaintiff
                                               777 South Flagler Drive
                                               West Tower – 8th Floor
                                               West Palm Beach, Florida 33401
                                               (800) 909-3973 telephone
                                               (561) 771-0520 facsimile

                               By:   /s/ *Wendell Locke*

                                     Wendell Locke, For the Firm
                                     Florida Bar No. 119260
                                     attywtl@alanlockefirm.com

                               By:   /s/ *Richard Keith Alan II*

                                     Richard Keith Alan II, For the Firm
                                     Florida Bar No. 120863
                                     attyrkaii@alanlockefirm.com