**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:17-cv-20268-UU

MAX JUNIOR PRINTEMPS,

    Plaintiff,

v.

MIAMI DADE COUNTY, FLORIDA, *et al.*,

    Defendants.

_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE is before the Court upon Defendant Miami-Dade County's Motion to Dismiss the Second Amended Complaint with Prejudice (the "Motion"). D.E. 34.

THE COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

**BACKGROUND**

The following allegations are taken from the Plaintiff's Second Amended Complaint. D.E. 32.

On or about January 23, 2013, while outside of his home, Plaintiff got into an argument with Defendant Cheryl A. Reich ("Reich"), his neighbor, "about the location of where [Plaintiff's] vehicle was parked and whether [Plaintiff's] vehicle damaged Reich's sprinkler. *Id.* ¶¶ 8. Plaintiff threatened to get a restraining order against Reich due to her threatening tone. *Id.* ¶ 9. Reich made a racial slur directed at Plaintiff then stated that she would call one of her law enforcement friends to get Plaintiff arrested even though Plaintiff had not committed a crime. *Id.* ¶ 10. Reich then said, "Go back to your own country, you fucking nigger." *Id.*

Shortly thereafter, two Miami-Dade County police officers—Defendant Police Officer Ronald Martin ("Officer Martin") and another unidentified police officer—arrived on the scene. *Id.* ¶ 11. The officers "did in fact appear to be friends of Reich". *Id.* Both officers proceeded to enter Reich's home and remained inside of Reich's home for approximately two hours. *Id.* The officers then exited Reich's home and, without interviewing any witnesses present at the scene, arrested Plaintiff for aggravated battery with a motor vehicle and criminal mischief. *Id.* ¶ 12. At the time of arrest, no one on-scene showed any sign of injury from being hit by a motor vehicle, there was no indication of damage to any real or personal property belonging to another, and multiple eyewitnesses—Plaintiff's daughter, wife, and neighbor—told Officer Martin that they had seen the entire incident and that Plaintiff had done nothing wrong. *Id.* The State Attorney's office brought criminal charges against Plaintiff for aggravated battery with a motor vehicle and criminal mischief based on the probable cause affidavit and offense report prepared by Officer Martin. *Id.* ¶ 13, 23. Both charges were later dismissed. *Id.*

Based on these underlying allegations, Plaintiff brings three claims against Officer Martin in his individual capacity: (i) two claims, under 42 U.S.C. § 1983, for false arrest and malicious prosecution, respectively (Counts I, II); and (ii) one state law claim for false arrest (Count III). Plaintiff also brings one state law claim against Miami-Dade County (the "County") for false arrest (Count IV). Last, Plaintiff brings two state law claims against Reich: one for false arrest (Count V) and one for negligent reporting (Count VI).

On May 5, 2017, Officer Martin and Reich filed Answers to the Second Amended Complaint (D.E. 33 and D.E. 35, respectively). That same day, the County filed the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 34.

**LEGAL STANDARD**

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Court must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common sense. *Id.* at 679.

**DISCUSSION**

Plaintiff brings a state law claim of false arrest against the County based on "the actions of Officer Martin". D.E. 32 ¶ 37. The County argues that Plaintiff's claim should be dismissed on the basis of sovereign immunity. "The doctrine of sovereign immunity provides that the

County, as a political subdivision of the State of Florida, is immune from suit except in those circumstances where the State has given its consent to be sued." *Moore v. Miami-Dade Cnty.*, 502 F. Supp. 2d 1224, 1234-35 (S.D. Fla. 2007) (*citing Cauley v. City of Jacksonville*, 403 So. 2d 379, 381 (Fla. 1981). Florida has waived its immunity from torts in limited circumstances. Specifically, Florida's sovereign immunity statute provides:

> The exclusive remedy for injury or damage suffered as a result of an act, event, or omission, of an officer, employee, or agent of the state…shall be by action against the governmental entity…of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a).

The County argues that Plaintiff's false arrest claim against the County is barred by the doctrine of sovereign immunity because the factual allegations "demonstrate conduct that can only be characterized as malicious and in bad faith". D.E. 34 at *6-7. Plaintiff's claim against the County derives solely from the actions of Officer Martin. Plaintiff's factual allegations are that Officer Martin came on-scene at the behest of his friend, Reich, who had had a dispute with Plaintiff regarding a sprinkler. Upon his arrival, Officer Martin entered Reich's home and remained there for approximately two hours without detaining or interviewing Plaintiff at any point during his protracted stay in Reich's home. Once Officer Martin's two-hour visit was complete, he exited Reich's home and arrested Plaintiff for aggravated battery with a motor vehicle and criminal mischief despite the fact that: (a) no one on-scene exhibited any signs or symptoms of physical injury—an expected result of being struck by a moving car; (b) there was no sign of damage to any real or personal property belonging to another; and (c) three eyewitness

4

told Officer Martin that they had seen the entire incident and that Plaintiff had done nothing wrong. Additionally, Plaintiff alleges in Count II that Officer Martin created facts, manufactured evidence, and knowingly made false statements to prosecuting authorities in order to accomplish Reich's goal of having Plaintiff arrested.

In his Response, Plaintiff argues that the law permits the pleading of inconsistent and mutually exclusive claims. Federal Rule of Civil Procedure 8(e)(2) authorizes pleading in the alternative, and "courts have noted the frequency with which § 768.28 plaintiffs resort to pleading "mutually exclusive" claims in the alternative against both a government entity (for negligence) and an individual employee (for malicious, bad faith conduct)." *Terry v. Rodriguez, et al.*, Case No. 09-cv-23726-WMH, D.E. 16 at *3 (S.D. Fla. June 4, 2010) (*citing, e.g., Reyes v. City of Miami Beach*, 2007 WL 4199606 at *3 (S.D. Fla. 2007); *Bryan Media, Inc. v. City of St. Petersburg*, 2005 WL 2371992 at *8 (M.D. Fla. 2005) (*citing Johnson v. Sackett*, 793 So. 2d 20, 23 (Fla. 2d DCA 2001). "On the other hand, courts have also recognized the limits to a plaintiff's ability to advance "alternative" theories in § 768.28 cases where the factual allegations can only suggest malice or bad faith on the part of the individual defendant." *Id. citing Sanchez v. Miami-Dade County*, 2007 WL 1746190, at *4 (S.D. Fla. 2007).

In the instant case, Plaintiff's argument that he is simply pleading in the alternative "does not change the nature of Plaintiff's allegations forming the basis of the claim against the County." *Alicea v. Miami-Dade County, et al.*, Case No. 13-cv-21549-BB, D.E. 95 at *5 (S.D. Fla. Oct. 27, 2014). Although Plaintiff alleges that Officer Martin committed the false arrest of Plaintiff "in the course and scope of his employment as a law enforcement officer for the County," Plaintiff also alleges that the false arrest resulted from Officer Martin: (i) "creating facts and manufacturing evidence…to include in his probable cause affidavit and offense report";

and (ii) knowingly giving information to the State Attorney's Office that "was materially false and…created and manufactured by Officer Martin to achieve the desire of Reich to have [Plaintiff] arrested." D.E. 32 ¶¶ 23-24. "These allegations can only equate with the kind of intentional, malicious misconduct by a state employee that does not give rise to municipal liability under Florida's waiver of sovereign immunity statute." *Terry*, Case No. 09-cv-23726 at *4-5. *See also Blue v. Miami-Dade County*, 2011 WL 2447699 (S.D. Fla. June 15, 2011); *Sanchez v. Miami-Dade County*, 2007 WL 1746190 (S.D. Fla. March 28, 2007). The alleged false arrest at issue in this case was explicitly caused by Officer Martin's malicious and bad faith conduct and, therefore, the claim against the County for the very same misconduct must be dismissed. *Id. See also Blue*, 2011 WL 2447699 ("The question of whether an act was committed with malicious purpose, bad faith, or with wanton and willful disregard is not a question that must be submitted to a jury, but rather, can be decided by the Court depending on the facts.") (internal citation omitted). Therefore, Count III is dismissed with prejudice for failure to state facts sufficient to sustain a claim of false arrest based on a *respondeat superior* theory of liability against the County.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 34, is GRANTED. Count IV of Plaintiff's Second Amended Complaint, D.E. 32, is DISMISSED WITH PREJUDICE and Miami-Dade County is no longer a defendant in this action.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of June, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record via CM/ECF